CASE 69.—ACTION BY W. S. JONES AGAINST SOPHIA CRAWFORD, INVOLVING THE RIGHT OF AN INFANT MARRIED WOMAN TO THE OCCUPANCY OF HER DECEASED FATHER'S HOMESTEAD.—JAN. 26.

## Jones v. Crawford.

APPEAL FROM HENRY CIRCUIT COURT—R. F. PEAK, CIRCUIT JUDGE.

HOMESTEAD—MARRIAGE OF MINOR DAUGHTER—DIVESTITURE OF RIGHT.

Kentucky Statutes 1903, section 1707, provides that the unmarried infant children of a decedent shall be entitled to a joint occupancy of the homestead until the youngest arrives at majority. HELD, that a homestead right vested in an infant daughter is divested by her marriage during minority.

W. B. MOODY and W. O. JACKSON, for appellant.

    1. We insist that appellee was never entitled to a homestead in the tract of land in controversy.

    2. But if mistaken on the first point, we contend that the right of an infant to occupy the homestead ceases as certainly when she marries and when she arrives at the age of twenty-one years, for with the marriage a new family is organized and a new home established. Sec. 1707, Ky. Stat.; Lloyd v. Lloyd, 82 Ky., 525; Turner's Guardian v. Turner's Heirs, 89 Ky., 584.

TURNER & TURNER, attorneys for appellee.

    Our contention is, that at the death of her father, appellee, who was then unmarried and an infant, took, as it were, a vested interest in her deceased father's homestead, not until she married, but until she arrived at twenty-one years of age. Should the statute be construed otherwise, it would be a restraint upon marriage, which was not contemplated by the statute. Shultz v. Sale, 92 Ky., 5; Thompson on Homesteads, p. 243.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

The question presented for decision by this appeal is whether a homestead right under the statute which had become vested in an infant daughter of the land-owner is divested by her marriage during her minority. By statute (section 1702, Ky. St., 1903) there is exempted to the debtor with a family, who is a resident of this Commonwealth, land occupied by him, not exceeding $1,000 in value, which can not be subjected without his consent to sale for his debts. This right of homestead exemption belongs to the debtor who is a head of the family, and attaches to such of his real estate as may have been selected and is occupied by him for that purpose. Upon the death of such homesteader, by section 1707, Kentucky Statutes, 1903, it is provided: "The homestead shall be for the use of the widow so long as she occupies the same, and the unmarried infant children of the husband shall be entitled to a joint occupancy with her until

the youngest child arrives at full age. But the termination of the widow's occupancy shall not affect the children. . . ." But for section 1707, upon the death of the homesteader his property would at once pass to his heirs at law or devisees, subject to the rights of creditors, without any right to the widow or minor children to occupy it, save as they might take as heirs at law or devisees, which would give minors no claim superior to or different from that of major heirs. It is competent for the Legislature to remove from liability for debts such portion of the debtor's estate as may be needful to sustain his family. It tends to keep the family together, to keep them from want, and is in harmony with the public policy to encourage the maintenance of the instruction of the home. This policy, though varied in many of its features, is now a universal one in this country. It would be incomplete, and fall short of its wise and humane purpose, did it not extend to the widow and infant children of the debtor after his death. Every reason that existed before upon which it could rest continues with increased force after the death of the debtor. This right or privilege of homestead exemption is a creature of the statute. Its beneficiaries can take only what the statute has given them, and upon the terms named in the act. The heirs at law have no title, during their ancestor's life, to his property. Upon his death they take simply what the law gives them, and subject to the terms imposed by law. There is no inherent natural right of inheritance. So, when the Legislature created the privilege of homestead exemption in favor of a householder, and continued it after his death for certain members of his family, it was competent for the law-making body to select those members whose interests and whose relation to society were such as to bring them within the public policy treated of by the enactment, and who should, for these reasons, be favored

by the statute. It was likewise competent, and perhaps necessary, to provide in what contingencies the right so conferred might be lost or otherwise terminated. The widow, by abandonment of the homestead, and the children upon reaching majority, lose their rights in the homestead as a homestead. The unity of the family—of the one family—of the deceased owner is looked to. When the widow abandons the homestead—as by remarrying and removing permanently from it—she is no longer regarded by the law, for the purposes of the application of the benefits of this statute, as a member of that family. When an infant child reaches his majority, he, too, is no longer a member of the decedent's remaining "family," within the contemplation of the statute. If an infant child marries, it thereby becomes a member of another family—that of his or her own—a new family, the head of which would be entitled to his or her own homestead exemption as such head of a family. By marriage the infant does not bring the spouse into the old family as a member of it, in law.

Counsel for appellee argue that an infant is incapable of contracting or of waiving his or her legal rights by conduct; that, as appellee's right to occupy the homestead in this case had once attached, her subsequent marriage during her infancy could not waive that right, because she was then under the disability of infancy. But it must be remembered that the disability of infancy, as discussed in law, is a status created by the law, and may be subject to limitations or exceptions by the law-makers. The statute under investigation is an exception by legislation to the general rule of law regarding the disability of infants. Under it the infant's act whereby he is removed from the class who may claim the benefits of the statute is what was contemplated by the

Legislature, and was made a condition concurrent to the enjoyment of the statutory privileges.

The judgment of the circuit court is reversed, and cause remanded for proceedings not inconsistent herewith.